FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 29 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNY J. MERCADO,

                Plaintiff,

        -against-

QUANTUM SERVICING CORPORATION,
WATERFALL VICTORIA MASTER FUND
LIMITED, WATERFALL VICTORIA MASTER
FUND, LTD., WATERFALL VICTORIA
MORTGAGE TRUST 2011-REO, LLC,

                Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-1500(JFB)(SIL)

JOSEPH F. BIANCO, District Judge:

On March 19, 2015, *pro se* plaintiff Jenny J. Mercado ("plaintiff") filed an *in forma pauperis* complaint against Waterfall Victoria Master Fund Limited (the "Fund"), Waterfall Victoria Master Fund, Ltd. (the "Fund Ltd." and together, the "Funds") and Waterfall Victoria Mortgage Trust 2011-REO, LLC ("Trust") in this Court accompanied by an application to proceed *in forma pauperis*. On March 25, 2015, plaintiff filed an amended complaint against the Funds and the Trust, and added Quantum Servicing Corporation ("Quantum") as a defendant. For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3).

## DISCUSSION

I.    The Complaint[1]

Plaintiff is no stranger to this Court. In December, 2014, plaintiff filed a complaint in

---

[1] The following facts are taken from plaintiff's complaint and are presumed to be true for the purpose of this Memorandum and Order.

this Court against the Fund Ltd. and the Trust alleging that they had violated four federal statutes, namely 18 U.S.C. §§ 1341, 1346, 1349 and 8 U.S.C. § 1324c. Because the first three statutes are criminal mail fraud statutes with no private right of enforcement and the fourth statute provides the penalties for document fraud in connection with immigration proceedings having no application to plaintiff's allegations, the undersigned dismissed the *in forma pauperis* complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failure to allege a plausible claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] *See Mercado v. Waterfall Victoria Master Fund Ltd., et al.*, 14-CV-7278 (JFB) (SIL), Mem. & Order, dated Dec. 31, 2014, Bianco, D.J. (Dkt. Entry No. 5.)

The substance of the instant amended complaint is nearly identical to the original complaint. Submitted on the Court's general complaint form, with an additional 10 pages of allegations and 116 pages of exhibits annexed thereto, the Amended Complaint again alleges that this Court's federal question jurisdiction is invoked. However, this time, plaintiff alleges that her claims arise under "Article I, Sec. 8, Clause 3 of the U.S. Constitution"; four federal statutes: 18 U.S.C. §§ 241, 514, 1341 and 15 U.S.C. § 1692; N.Y. Tax Law § 1410 and common law "fraud on the Court." (Am. Compl. ¶ II. A-B.) Plaintiff also alleges that she and the Fund Ltd. are citizens of New York and that the Fund, the Trust and Quantum are citizens of Florida. (*Id.* ¶ I. A- B.) Like her earlier complaint, plaintiff seeks to challenge a 2010 Judgment of Foreclosure and Sale entered against her in the New York State Supreme Court, Suffolk County. (*Id.* ¶ 1.)

---

[2]The Court also considered whether this Court's diversity jurisdiction could be invoked and concluded that it could not because plaintiff alleged that both she and the Fund Ltd. are citizens of New York. *See Mercado v. Waterfall Victoria Master Fund Ltd., et al.*, 14-CV-7278 (JFB) (SIL), Mem. & Order, dated Dec. 31, 2014, Bianco, D.J. (Dkt. Entry No. 5.)

According to the Amended Complaint, on September 7, 2010, the New York State Supreme Court, Suffolk County, signed a "Short Form Order as well as a Judgment of Foreclosure and Sale (the "Order and Judgment") in the foreclosure action, 'The Chase Manhattan Bank, as Trustee v. Jenny J. Mercado, et al. (02-07744),'" which were entered on October 29, 2010 by the Clerk of the Court. (*Id.* ¶ 1.) Plaintiff contends that there was fraud in the procurement of the Order and Judgment in that her signature on a promissory note "was forged in order to allow for the theft of my home." (*Id.* ¶ 2.) Plaintiff describes that she learned of the forgery during the course of a bankruptcy proceeding she had commenced on September 13, 2010 in an effort to stay the enforcement of the foreclosure sale. (*Id.* ¶ 2.) In response to her bankruptcy petition, plaintiff alleges that the Fund Ltd. made a motion to vacate the automatic stay, which was ultimately withdrawn. (*Id.*) On December 7, 2010, plaintiff claims that she received a discharge and her bankruptcy case was closed on May 12, 2011. (*Id.* ¶ 4.)

Plaintiff appealed the Order and Judgment to the Appellate Division, Second Department, and, by Order to Show Cause, requested a stay of the foreclosure sale. Because the Appellate Division relied on an alleged misrepresentation made by the Fund Ltd., plaintiff alleges that her request for a stay was denied, (*Id.* ¶ 8), and, on April 3, 2013, her appeal was decided in favor of the respondents. (*Id.* ¶ 11.) Plaintiff also alleges that in August 2012, while the appeal was pending, she made a motion in the New York State Supreme Court, Suffolk County, to vacate the Order and Judgment, claiming that the "Referee's report and Referee's deed are both bogus." (*Id.* ¶¶ 12, 15.). Plaintiff's motion to vacate was denied. (*Id.* ¶ 17.) Also at this time, a judgment in the sum of $44,500 was entered against plaintiff in the hold-over proceeding that had been commenced against plaintiff by the Trust. (*Id.* ¶¶ 18-19.)

3

According to plaintiff,

> I do not owe defendants any money. They stole my home and then evicted me. They evicted me from my home to benefit and enrich themselves. Defendants and their attorneys conspired to forge my name on a mortgage note submitted in my bankruptcy case as well as in the Appellate Court Second Department in order to influence the courts' decisions []. Although in the bankruptcy case they subsequently withdrew its motion to vacate the automatic stay (after I had filed my opposition papers), they continued the fraud on the court in the Second Department by submitting the same forged note there as well, except this time they submitted two different allonges []. Defendants subsequently also submitted the bogus Referee's deed . . . . The forged mortgage notes [] were submitted to the courts attached to the defendants' motion papers and/or opposition papers, and a copy was sent to me by defendants' attorney using the United States mail which constitutes mail fraud.

(*Id.* ¶¶ 24-25.) Although plaintiff claims that she "is aware that this Court cannot overturn the state court judgment or intervene in the bankruptcy case," she seeks an order: (1) "vacat[ing] the judgement in the amount of $44,500.00 awarded to "waterfall Victoria Mortgage Trust 2011-1 REO, LLC by the First District Court"; (2) "void[ing] the referee's deed; (3) awarding punitive damages in the amount of $500,00; and (4) awarding "$500,000 for treble damages to compensate me for defts' wrongfully taking my home and evicting me." (*Id.* ¶¶ 26, V.)

II.     Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III.    Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. *Id.*

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which

it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted), and must show that the court has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3).

A. Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's complaint. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id.* If subject matter jurisdiction is lacking, the action must be dismissed. *Id.* at 700-01; Fed. R. Civ. P. 12(h)(3).

Here, plaintiff seeks to invoke this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331. (Compl. at ¶ II. A.) Plaintiff alleges that her federal claims arise under the Constitution and four federal statutes, namely: 18 U.S.C. §§ 241, 514, 1341 and 15 U.S.C. § 1692. (Compl. ¶ II. A-B.) However, the first three statutes are criminal fraud statutes with no private right of enforcement and the fourth statute sets forth the Congressional findings and purpose of the Consumer Credit Protection Act.[3] Thus, as is readily apparent, these statutes have

---

[3] *See, e.g., Gutilla v. City of New York*, 14-CV-156, 2015 WL 437405, *11 (S.D.N.Y. Feb. 3, 2015) ("Generally, violations of Title 18 may not serve as the basis for a civil cause of action unless the specific statute includes an express or implied private right of action.") (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)); *see also Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("Nothing in the language or structure of section[] 241 suggests that Congress intended to create

no application to the present case and thus cannot support this court's subject matter jurisdiction. And, the complaint suggests no basis for federal question jurisdiction since the facts set forth by plaintiff do not give rise to a claim arising under the United States Constitution,[4] or federal statutes or treaties. *See* 28 U.S.C. § 1331.

In an abundance of caution given plaintiff's *pro se* status, the Court has also considered whether subject matter jurisdiction lies in this Court under 28 U.S.C. § 1332. However, because plaintiff alleges that she and the Fund are both New York residents, complete diversity between the parties is lacking and diversity jurisdiction may not be invoked. *See* 28 U.S.C. § 1332. Accordingly, in the absence of any basis for this court to exercise jurisdiction in this matter, the complaint must be, and is, dismissed. Such dismissal is without prejudice to plaintiff pursuing

---

a private right of action pursuant to th[at] statute[].") (summary order) (citing *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (*per curiam*)); *see also Aboeid v. Saudi Arabian Airlines, Inc.*, No. CV-10-2518(SJ)(VVP), 2011 WL 2470091, *2 (E.D.N.Y. June 17, 2011) ("To the extent that the plaintiffs seek to assert a separate claim for mail fraud [under 18 U.S.C. § 1341 *et seq.*], that amendment would be futile since there is no private right of action for violations of the federal mail fraud statute.") (citing *Pharr v. Evergreen Garden, Inc.*, 123 F. App'x 420, 422 (2d Cir. 2005) ("The law in this circuit is clear that this criminal statute [under 18 U.S.C. § 1341 *et seq.*] does not support any private right of action.")) (additional citation omitted).

*See* 15 U.S.C. § 1692(e) Congressional Findings and Declaration of Purpose: "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Here, plaintiff alleges no facts that might give rise to a Fair Debt Collection Practices Act claim.

[4]Although plaintiff alleges that her Constitutional claim arises under Article I, Section 8, clause 3, such reliance is misplaced. The cited provision provides, in relevant part, "[t]he Congress shall have the power to lay and collect taxes, duties, imposts and excises, to pay the debts and provide for the common defence and general welfare of the United States; but all duties, imposts and excises shall be uniform throughout the United States . . . to establish uniform rules of Naturalization, and uniform laws on the subject of Bankruptcies throughout the United States."

any remedies she may have, if any, in the state and/or bankruptcy courts.

IV.     State Law Claims

Because all of the federal claims alleged in the complaint are dismissed, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims and dismisses them without prejudice. "[A] federal court should generally decline to exercise supplemental jurisdiction over state law claims, if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction and the complaint's federal claims are dismissed in the litigation's 'early stages.'" *Pelt v. City of New York*, 11-CV-5633, 2013 WL 4647500, at *19 (E.D.N.Y. Aug. 28, 2013) (internal quotation marks and citations omitted); *see Choe v. Fordham Univ. Sch. of Law*, 81 F.3d 319, 319 (2d Cir. 1996) (holding it is clear a district court holds discretion to "decline supplemental jurisdiction [over state law claims] when all claims over which the district court had original jurisdiction have been properly dismissed"); *see also* 29 U.S.C. § 1367(c)(3). While a court possesses the discretion to retain jurisdiction, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (internal quotation marks and citation omitted). Indeed, "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of . . . , courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)).

In the instant case, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, 99-CV-3608, 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over plaintiff's remaining state law claims, and dismisses these claims without prejudice.

V.  Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a

valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chappius*, 618 F.3d at 170. Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the deficiencies in plaintiff's claims are substantive in nature and, as such, cannot be remedied by amendment. Accordingly, the court declines to grant plaintiff leave to file an amended complaint.

VI.  The All Writs Act

The Court has the obligation to protect the public and the efficient administration of justice from litigants who have a history of filing vexatious and harassing complaints because of the needless expense imposed on the parties and the unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). The All Writs Act, 28 U.S.C. § 1651, permits a court, under certain circumstances, to sanction a vexatious litigant who abuses the judicial process by enjoining him or her from pursuing future litigation without first obtaining leave of the court. *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997) *(per curiam)*; *Horoshko v. Citibank N.A.*, 373 F.3d 248, 250 (2d Cir. 2004). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. *See, e.g., Malley*, 112 F.3d at 69-70 (filing injunction may issue if numerous complaints filed are based on

the same events). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); *MLE Realty Associates v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999).

Although this is plaintiff's second frivolous lawsuit regarding the same subject matter, the Court in its discretion does not believe that the drastic sanction of a litigation injunction, or any other sanction, is warranted at this juncture, especially because the Court was able to dispose of this lawsuit in a *sua sponte* order, without a formal motion by the defendants. However, the Court is concerned, given the instant action, together with docket number, 14-CV-7278, that plaintiff may try to file a new action against these defendants again seeking redress for the alleged wrongdoing surrounding the underlying state and bankruptcy court proceedings. Of course, plaintiff's continued filing of frivolous complaints relating to this issue would constitute an abuse of the judicial process. Given the Court's "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel," *Lau*, 229 F.3d at 123, plaintiff is warned that similar, future complaints will not be allowed to continue. If plaintiff persists in this course of action, the Court will require that plaintiff show cause why she should not first seek leave of Court before submitting such filings.

Finally, plaintiff is cautioned that Federal Rule of Civil Procedure 11 applies to *pro se* litigants, *Ginther v. Provident Life and Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d Cir. 2009)

(upholding a district court's imposition of sanctions against a *pro se* litigant), and that should she file another frivolous complaint, it is within the Court's realm to also consider other sanctions, including monetary sanctions. *See* Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the federal claims set forth in her amended complaint are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and they are thus dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED

Dated: April 2⁷, 2015
Central Islip, New York

Joseph F. Bianco
United States District Judge